UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:   KEVIN S. VARGO and              : CHAPTER 13
         MICHELE A. VARGO                :
            Debtor(s)                    :
                                         :
         CHARLES J. DEHART, III          :
         STANDING CHAPTER 13 TRUSTEE     :
            Movant                       :
                                         :
            vs.                          :
                                         :
         KEVIN S. VARGO and              :
         MICHELE A. VARGO                :
            Respondent(s)                : CASE NO.   5-20-bk-01346


TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

         AND NOW, this   8th   day of June, 2020, comes Charles J. DeHart, III, Standing
Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the
following reason(s):

         1.   Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not
submitted all or such portion of the disposable income to the Trustee as required.   More
specifically,

         Trustee alleges and avers that debtor(s)' disposable income is greater than that
which is committed to the plan based upon the Means Test calculation and specifically disputes the
following amounts:

         a.   Plan payment calculation sum of Lines 34, 35, 36 45.
         b.   Vehicle operation expense – Line 12.

         2.   Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property
to be distributed under the plan on account of each allowed unsecured claim is less than the amount
that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically,
debtor's have excess non-exempt equity in the following:

         a.   Residential real estate

         3.   Trustee avers that debtor(s)' plan is not feasible and cannot be administered due
to the lack of the following:

         a.   Last paystub dated May, 2020.

4.  The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

   a.  Clarification of debtor(s) counsel fees which are in conflict with 2016(b) Statement.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a.  Deny confirmation of debtor(s) plan.
   b.  Dismiss or convert debtor(s) case.
   c.  Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this   11th   day of June, 2020, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Kevin Kercher, Esquire
881 Third Street, Suite #C-2
Whitehall, PA   18052

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee